### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

STATE OF GEORGIA,
Office of the Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

BRAD RAFFENSPERGER, Georgia
Secretary of State, in his official capacity,
214 State Capitol
Atlanta, GA 30334

$\qquad$ *Plaintiffs,*

v.

U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Ave., NW
Washington, DC 20530

$\qquad$ *Defendant.*

Civil Action No.: 21-3138

### COMPLAINT

1.      Plaintiffs, the State of Georgia and Georgia Secretary of State Brad Raffensperger, bring this action against Defendant U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.      Georgia recently enacted the Election Integrity Act of 2021 ("SB 202"), which added opportunities to vote and made meaningful reforms to help protect the State's electoral system.  Additionally, SB 202 implemented many protective measures that are already in place in other states across the country.

3.      SB 202 is currently subject to several legal challenges in the U.S. District Court for the Northern District of Georgia, including one DOJ brought under Section 2 of the Voting Rights

Act.  Yet, DOJ has not filed similar lawsuits against many other states that have virtually identical election laws.

4.     The records Plaintiffs seek are necessary to answer a question of national significance: To what extent did DOJ coordinate with outside entities when it decided to bring a lawsuit against Georgia, but not other states with similar voting laws, under Section 2 of the Voting Rights Act?  The answer to that question will help clarify the extent to which DOJ is pursuing a transparent political agenda in its lawsuit against Georgia.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

6.     Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

7.     Georgia is a "person" authorized to request records from a federal agency pursuant to FOIA.  *See* 5 U.S.C. § 552(2).

8.     Brad Raffensperger is the Georgia Secretary of State and is a "person" authorized to request records from a federal agency pursuant to FOIA.  *See* 5 U.S.C. § 552(2).

9.     DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and has possession and control of the records Georgia seeks.

## FACTS

10.    Georgia's election laws, as recently amended by SB 202, are reasonable, non-discriminatory, and well within the mainstream of election laws across the country.  As with the

2

Arizona law recently upheld by the Supreme Court, Georgia's election law "generally makes it very easy to vote." *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2330 (2021).

11.     SB 202 also implements lessons learned by state and local election officials through the challenge of administering an election during a global pandemic.

12.     During the 2020 election cycle, Georgia's Secretary of State and State Election Board undertook temporary, emergency measures to protect the health and safety of voters amidst unprecedented circumstances.  SB 202 makes permanent some of the emergency measures that proved successful, while shoring up the security of Georgia's numerous and accessible methods of voting.

13.     At each turn, Georgia's General Assembly sought to increase voter access and voter confidence, making it "easy to vote and hard to cheat."  SB 202 at 6:146-7:147.

14.     For instance, SB 202 streamlines the voting process by requiring absentee voters to request a ballot in advance of the election and to include a Georgia driver's license or identification card number or other identification, which provides objective criteria to verify the identity of the voter.  SB 202 also streamlines the process by requiring voters to vote in their correct precincts. And SB 202 ensures that voters will be able to vote without outside pressure, prohibiting anyone from approaching voters in line with something of value.  Further, SB 202 ensures for the first time that drop boxes are statutorily required in every county.

15.     Similar provisions are the law in many states, including Delaware, New York, Rhode Island, New Jersey, Maryland, and Wisconsin.

16.     Since its passage, SB 202 has been subject to several legal challenges from individuals and interest groups.  Additionally, DOJ filed a separate legal challenge to SB 202 under Section 2 of the Voting Rights Act.

17.     Yet, DOJ has not filed any Voting Rights Act lawsuits against the other states with similar election laws, raising the likelihood that DOJ's lawsuit is a nakedly political action. Furthermore, the fact that DOJ brought a Section 2 challenge against Georgia *without claiming that SB 202 will have any discriminatory results or effects* also suggests that DOJ's lawsuit is more about political posturing than vindicating voting rights.

**Plaintiffs' FOIA Request**

18.     To better understand why DOJ targeted Georgia, Plaintiffs submitted a FOIA request to DOJ on August 31, 2021.  *See* Ex. A.

19.     The request had three parts.  First, Plaintiffs sought all communications discussing SB 202 since November 3, 2020, exchanged between DOJ personnel and a list of 62 individuals and entities outside of DOJ.  *See id.* at 2-4.  To assist the search, Plaintiffs included e-mail suffixes for many of the individuals and entities.

20.     Plaintiffs explained that, for the request, any communication should be deemed to be discussing SB 202 if it "refers to any of the following: Georgia's Election Integrity Act of 2021, Georgia's election law, Georgia's voter law, Georgia's voter ID law, Georgia's voter identification law, Georgia Senate Bill 67 (SB 67), Georgia Senate Bill 241 (SB 241), Georgia House Bill 531 (HB 531), Georgia Senate Bill 202 (BS 202), or Georgia's Special Committee on Election Integrity."  *Id.* at 1-2.

21.     Second, Plaintiffs sought communications discussing SB 202 exchanged between DOJ personnel and members of Congress or their staff from November 3, 2020, through the date of the search.  *See id.* at 4.

22.     Third, Plaintiffs sought all internal guidance documents that DOJ uses to determine when, in DOJ's opinion, a provision of a state's election law violates the Voting Rights Act.  *See id.* at 4-5.

23.     Plaintiffs stated that the request was directed to the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, DOJ's Civil Rights Division (including, but not limited to, the Voting Section), and any other DOJ component determined reasonably likely to have responsive records under 28 C.F.R. § 16.3(a)(2). *See id.* at 1.

24.     Plaintiffs also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

25.     On September 9, 2021, DOJ's Civil Rights Division sent a letter to Plaintiffs acknowledging receipt of the FOIA request and assigning it tracking number FOI/PA No. 21-00296-F.  *See* Ex. B.  The Civil Rights Division also stated that due to "unusual circumstances," it would not be able to respond within the statutory time period.  *See id.* at 2.

26.     On September 24, 2021, DOJ's Justice Management Division ("JMD") also acknowledged receipt of the FOIA request and assigned it tracking number EMRUFOIA083121-21.  *See* Ex. C.  JMD explained that it "serves as the receipt and referral unit for FOIA/PA requests addressed to [DOJ]."  *Id.*  This letter also stated that Plaintiffs' FOIA request was being referred to DOJ's Office of Information Policy ("OIP") and DOJ's Civil Rights Division.

27.     On September 29, 2021, OIP acknowledged receipt of the FOIA request and assigned it tracking number FOIA-2021-02274.  *See* Ex. D.

28.     To date, Plaintiffs have received no further response from DOJ to the FOIA request.

29.     By failing to respond to the request, DOJ is depriving Plaintiffs and the public of vital information needed to determine whether the Government is colluding or conspiring with outside entities to carry out a political agenda.

30.     The records that Plaintiffs seek from DOJ are not available to them at this time through discovery because discovery has not commenced in the litigation.  It is not known when or if discovery will begin in the lawsuit.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552

31.     Plaintiffs hereby incorporate the allegations made in the foregoing paragraphs as if set forth fully herein.

32.     DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

33.     By letter dated August 31, 2021, Plaintiffs submitted a FOIA request to DOJ.

34.     Plaintiffs' FOIA request complied with all applicable statutes and regulations.

35.     The requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

36.     DOJ has failed to respond to Plaintiffs' request within the statutory time period. *See* 5 U.S.C. § 552(a)(6).

37.     Accordingly, Plaintiffs have exhausted their administrative remedies.  *See* 5 U.S.C. § 552(a)(6)(C).

38.     By failing to release any responsive, non-exempt records, or otherwise offer a reasonable schedule for production, DOJ has violated FOIA.  *See* 5 U.S.C. § 552(a)(3)(A).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

i.      Declare that the records sought by the request, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552.

ii.     Order DOJ to conduct searches immediately for all records responsive to Plaintiffs' FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records.

iii.    Order DOJ to produce by a date certain all non-exempt records responsive to Plaintiffs' FOIA request.

iv.     Award Plaintiffs attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

v.      Grant Plaintiffs such other and further relief as this Court deems proper.

December 1, 2021

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia 30334

Respectfully submitted,

*/s/ Gene C. Schaerr*
GENE C. SCHAERR
D.C. Bar # 416368
ERIK S. JAFFE
D.C. Bar # 440112
H. CHRISTOPHER BARTOLOMUCCI
D.C. Bar # 453423
BRIAN J. FIELD
D.C. Bar # 985577
SCHAERR | JAFFE LLP
1717 K Street, N.W.
Suite 900
Washington, D.C. 20006
Telephone (202) 787-1060
gschaerr@schaerr-jaffe.com

Bryan P. Tyson*
Georgia Bar # 515411
Bryan F. Jacoutot*
Georgia Bar # 668272
Loree Anne Paradise*
Georgia Bar # 382202
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Telephone: (678) 336-7249
btyson@taylorenglish.com

* *Pro hac vice* motions forthcoming