IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF GEORGIA,<br><br>BRAD RAFFENSPERGER,<br><br>    Plaintiffs,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Case No. 1:21-cv-3138 (TNM) |

## ANSWER

Defendant, the United States Department of Justice (DOJ), by and through its undersigned counsel, hereby answers the unnumbered and numbered paragraphs of the complaint filed by Plaintiffs Georgia and its Secretary of State, Brad Raffensperger, as follows:

1. Paragraph 1 consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

2. Paragraph 2 consists of Plaintiffs' characterization of Georgia's Election Integrity Act of 2021 (SB 202), to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to that statute for a complete and accurate statement of its contents.

3. The first sentence of Paragraph 3 consists of Plaintiffs' characterization of legal challenges to SB 202, including one brought by DOJ, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to those lawsuits and associated documents for a complete and accurate statement of their contents. Defendant lacks knowledge or information sufficient to form a belief about the second sentence of Paragraph 3, which does not explain what Plaintiffs consider to be a "similar lawsuit" or which

states Plaintiffs consider to comprise the "many other states that have virtually identical election laws."

4. Paragraph 4 consists of Plaintiffs' characterizations of the records they seek and their reasons for submitting their FOIA request, to which no response is required.  Defendant also lacks knowledge or information sufficient to admit or deny Plaintiffs' motives for filing suit.

5. Paragraph 5 states a conclusion of law, to which no response is required.

6. Paragraph 6 states a conclusion of law, to which no response is required.

7. Paragraph 7 states a conclusion of law, to which no response is required.

8. Defendant admits that Brad Raffensperger is the Georgia Secretary of State.  The remainder of Paragraph 8 states a conclusion of law, to which no response is required.

9. Paragraph 9 is admitted to the extent that DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).  The remainder of Paragraph 9 states conclusions of law, to which no response is required.

10. The allegations in Paragraph 10 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Paragraph 10 further consists of Plaintiffs' characterization of SB 202 and of the case *Brnovich v. Democratic National Committee*, 141 S. Ct. 2321 (2021), to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to SB 202 and to *Brnovich* for a complete and accurate statement of their contents.

11. The allegations in Paragraph 11 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Paragraph 11 further consists of Plaintiffs' characterization of SB 202, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to that statute for a complete and accurate statement of its contents.

12. The allegations in Paragraph 12 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Paragraph 12 further consists of Plaintiffs' characterization of SB 202, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to that statute for a complete and accurate statement of its contents.

13. The allegations in Paragraph 13 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Paragraph 13 further consists of Plaintiffs' characterization of SB 202, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to that statute for a complete and accurate statement of its contents.

14. The allegations in Paragraph 14 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Paragraph 14 further consists of Plaintiffs' characterization of SB 202, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to that statute for a complete and accurate statement of its contents.

15. The allegations in Paragraph 15 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Paragraph 15 further consists of Plaintiffs' characterization of laws in "many" states including Delaware, New York, Rhode Island, New Jersey, Maryland, and Wisconsin to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to those laws for a complete and accurate statement of their contents.

16. The allegations in Paragraph 16 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendant admits that SB 202 has been subject to several legal challenges, and respectfully

refers the Court to those lawsuits and associated documents for a complete and accurate statement of their contents. Defendant admits that DOJ filed a legal challenge to SB 202 under Section 2 of the Voting Rights Act in *United States v. Georgia*, 21-cv-2575 (N.D. Ga.), and respectfully refers the Court to that lawsuit and associated documents for a complete and accurate statement of their contents.

17. The allegations in Paragraph 17 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the first sentence of Paragraph 17, which does not explain what Plaintiffs consider to be "the other states with similar election laws." DOJ's Civil Rights Division has filed other lawsuits under Section 2 of the Voting Rights Act, including two other lawsuits in 2021. *See United States v. City of West Monroe*, 3:21-cv-988 (W.D. La., complaint filed Apr. 14, 2021); *United States v. Texas*, 3:21-cv-299 (W.D. Tex., complaint filed Dec. 6, 2021). Defendant respectfully refers the Court to those lawsuits and associated documents for a complete and accurate statement of their contents. The second sentence of Paragraph 17 consists of Plaintiffs' characterization of the legal challenge to SB 202 brought by DOJ, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to that lawsuit and associated documents for a complete and accurate statement of their contents.

18. Defendant admits that Plaintiffs submitted a FOIA request to DOJ dated August 31, 2021. Defendant lacks knowledge or information sufficient to form a belief about the remainder of Paragraph 18.

19. Paragraph 19 consists of Plaintiffs' characterization of their FOIA request. Defendant denies any characterization of the FOIA request, which speaks for itself, and respectfully refers the Court to that request for a complete and accurate statement of its contents.

4

20. Paragraph 20 consists of Plaintiffs' characterization of their FOIA request. Defendant denies any characterization of the FOIA request, which speaks for itself, and respectfully refers the Court to that request for a complete and accurate statement of its contents.

21. Paragraph 21 consists of Plaintiffs' characterization of their FOIA request. Defendant denies any characterization of the FOIA request, which speaks for itself, and respectfully refers the Court to that request for a complete and accurate statement of its contents.

22. Paragraph 22 consists of Plaintiffs' characterization of their FOIA request. Defendant denies any characterization of the FOIA request, which speaks for itself, and respectfully refers the Court to that request for a complete and accurate statement of its contents.

23. Paragraph 23 consists of Plaintiffs' characterization of their FOIA request. Defendant denies any characterization of the FOIA request, which speaks for itself, and respectfully refers the Court to that request for a complete and accurate statement of its contents.

24. Admitted.

25. Defendant admits that DOJ's Civil Rights Division (CRT) sent Plaintiffs a letter dated September 9, 2021 regarding their FOIA request. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

26. Defendant admits that DOJ's Justice Management Division (JMD) sent Plaintiffs a letter dated September 24, 2021 regarding their FOIA request. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

27. Defendant admits that DOJ's Office of Information Policy (OIP) sent Plaintiffs a letter dated September 29, 2021 regarding their FOIA request. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

28. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 28, because Defendant lacks knowledge or information regarding what Plaintiffs have

"received."  Defendant avers that, in addition to the previously discussed correspondence from CRT, JMD, and OIP, CRT sent Plaintiffs a second letter dated September 30, 2021 regarding their FOIA request.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

29. Defendant lacks knowledge or information sufficient to admit or deny Paragraph 29.

30. Defendant admits the first sentence of Paragraph 30 to the extent that discovery has not commenced in DOJ's lawsuit challenging SB 202.  Defendant otherwise lacks knowledge or information sufficient to admit or deny the first sentence of Paragraph 30.  The allegations in the second sentence of Paragraph 30 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, the second sentence of Paragraph 30 is admitted.

31. Defendant incorporates by reference its answers to paragraphs 1 through 30 of the complaint.

32. Admitted.

33. Admitted.

34. Paragraph 34 states a conclusion of law, to which no response is required.

35. Paragraph 35 states a conclusion of law, to which no response is required.

36. Paragraph 36 states a conclusion of law, to which no response is required.

37. Paragraph 37 states a conclusion of law, to which no response is required.

38. Paragraph 38 states a conclusion of law, to which no response is required.

The remaining paragraphs of the complaint constitute a request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that

Plaintiffs are entitled to the relief requested or to any relief at all.

Defendant hereby denies all allegations in Plaintiffs' complaint not expressly admitted or denied herein.

## DEFENSES

1. Plaintiffs are not entitled compel production of any records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552.

Dated:  January 6, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Rebecca M. Kopplin*
REBECCA M. KOPPLIN
Trial Attorney (California Bar No. 313970)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel:  (202) 514-3953
Fax:  (202) 616-8470
E-mail:  rebecca.m.kopplin@usdoj.gov

*Counsel for Defendant*