IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF GEORGIA, *et al.*,<br><br>　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>　Defendant. | Case No. 1:21-cv-3138 (TNM) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Civil Rule 7(h), Defendant the United States Department of Justice (DOJ) hereby submits the following statement of material facts as to which Defendant contends there are no genuine issues in connection with its motion for summary judgment under Federal Rule of Civil Procedure 56(b):

(1) DOJ's Civil Rights Division (CRT) received a FOIA request from the state of Georgia and its Secretary of State dated August 31, 2021.  Declaration of Kilian Kagle (Kagle Decl.) ¶ 6.

(2) DOJ's Office of Information Policy (OIP) received the same FOIA request from the state of Georgia and its Secretary of State dated August 31, 2021.  Declaration of Vanessa Brinkmann (Brinkmann Decl.) ¶ 5 & Ex. A.

(3) The request sought three categories of records:

　(i)　Communications between DOJ personnel and 62 listed non-governmental entities about a Georgia election law, and

　(ii)　Communications between DOJ personnel and Congress about the Georgia election law, and

1

    (iii)    Internal guidance documents used by DOJ to determine if state election laws violate the Voting Rights Act.

Kagle Decl. ¶ 6 & Ex. A.; Brinkmann Decl. ¶ 5 & Ex. A.

(4) CRT acknowledged the request by letter dated September 30, 2021. Kagle Decl. ¶ 7 & Ex. B.

(5) OIP acknowledged receipt of Plaintiffs' request by letter dated September 29, 2021. Brinkmann Decl. ¶ 7 & Ex. B.

(6) CRT conducted a search for records potentially responsive to Plaintiffs' request. Kagle Decl. ¶¶ 10-21.

(7) CRT's searches were reasonably calculated to locate all records responsive to Plaintiffs' request. Kagle Decl. ¶¶ 10-21.

(8) OIP conducted a search for records potentially responsive to Plaintiffs' request. Brinkmann Decl. ¶¶ 9-25.

(9) OIP's searches were reasonably calculated to locate all records responsive to Plaintiffs' request. Brinkmann Decl. ¶¶ 9-25.

(10) CRT processed all of the potentially responsive records that they located and produced all responsive, non-exempt material to Plaintiffs. Kagle Decl. ¶¶ 22-29.

(11) CRT withheld information from its productions pursuant to FOIA Exemptions 5, 6, and 7(C). Kagle Decl. ¶ 30 & Ex. E (*Vaughn* index).

(12) CRT has identified and adequately justified the basis for each withholding pursuant to Exemption 5 through its *Vaughn* Index and the Declarations of Kilian Kagle and John A. Russ, IV. Kagle Decl. ¶¶ 30-35 & Ex. E (*Vaughn* index); Declaration of John Russ, IV (Russ Decl.) ¶¶ 23-41.

(13)    CRT disclosed all reasonably segregable material.  Kagle Decl. ¶ 36; Russ Decl. ¶ 42.

(14)    OIP processed all of the potentially responsive records that they located and produced all responsive, non-exempt material to Georgia, only withholding information based on FOIA Exemption 6.  Brinkmann Decl. ¶ 23.

Dated: August 25, 2022                                      Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Rebecca  Kopplin*
REBECCA KOPPLIN
Trial Attorney (California Bar No. 313970)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C.  20005
Telephone:  (202) 514-3953
Email: Rebecca.M.Kopplin@usdoj.gov

*Counsel for Defendant*