# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

STATE OF GEORGIA,                                )
                                                 )
BRAD RAFFENSPERGER ,                             )
                                                 )
Plaintiffs,                                      )
                                                 )
v.                                               )     Civil Action No. 21-CV-3138 (TNM)
                                                 )
U.S. DEPARTMENT OF JUSTICE,                      )
                                                 )
Defendant.                                       )
_____         )

DECLARATION OF KILIAN KAGLE

I, Kilian Kagle, declare the following to be true and correct:

1.      I am the Chief of the Freedom of Information/Privacy Act Unit (FOIA/PA) of the

Civil Rights Division (CRT) of the United States Department of Justice (DOJ) in Washington,

D.C.  My duties include supervision of the (FOI/PA) Unit of CRT, which is responsible for

processing all record access requests pursuant to the Freedom of Information Act, 5 U.S.C. § 552,

and the Privacy Act (PA) § 552a, which are received by the Division.

2.      I make the statements herein on the basis of personal knowledge, as well as

information I've acquired in the course of performing my official duties.

3.      CRT's FOI/PA Unit receives hundreds of FOIA and PA requests yearly, touching

upon some of the most sensitive and publicized topics of the day.

4.      CRT's FOI/PA Unit maintains a centralized database tracking all FOIA and PA

requests and the resulting correspondence.  Further, and in addition, all email correspondence is

1

maintained separately, representing an additional archive for those requests received electronically.

5.        CRT's FOI/PA offices are located at 4CON, 6th Floor, 950 Pennsylvania Ave, N.W., Washington, DC 20530.

## Receipt and Processing of Plaintiffs' FOI/PA Request

6.        By letter dated August 31, 2021, Plaintiffs, via the law offices of Schaerr Jaffe, directed a FOI/PA request to the FOI/PA Mail Referral Unit with DOJ's Justice Management Division. As the specifics of the FOI/PA request span nearly 5 pages, it is summarized here. Plaintiffs' request addressed a recent election law passed by the state of Georgia, which Plaintiffs' request describes as Georgia's Election Integrity Act of 2021, Georgia's election law, Georgia's voter law, Georgia's voter ID law, Georgia's voter identification law, Georgia Senate Bill 67 (SB 67), Georgia Senate Bill 241 (SB 241), Georgia House Bill 531 (HB 531), Georgia Senate Bill 202 (SB 202), or Georgia's Special Committee on Election Integrity.  For the purpose of this declaration, I refer to that law as "Georgia's election law."  Plaintiffs sought three categories of records: (1) all records of communications between DOJ personnel and a list of 62 external non-governmental entities discussing Georgia's election law; (2) all records of communications between DOJ personnel and any member of Congress or their staff including searches for the domain names of @mail.house.gov and @mail.senate.gov discussing Georgia's election law; and (3) all records of internal guidance documents DOJ uses to determine when a state election law violates the Voting Rights Act of 1965. The requested timeframe for parts (1) and (2) spans November 3, 2020 through the date of the agency search.  CRT received this FOI/PA request on September 24, 2021.  A copy of Plaintiffs' request is attached as Exhibit A.

7.    By letter dated September 30, 2021, CRT's FOI/PA Unit acknowledged receipt of the request, assigned it a request number, 21-00305-F, and sent an acknowledgement letter to Schaerr Jaffe attorneys, Mr. Gene Schaerr and Mr. Brian Field.   A copy of CRT's acknowledgment letter is attached as Exhibit B.

8.    In accordance with CRT's routine procedure, when the Division receives a request seeking access to specific documents, the Division will contact the Section that specializes in the enforcement of the particular Division statute or issues referenced in the request, or that otherwise is likely to have information relevant to the subject matter of the request.  The FOI/PA Unit forwards a memorandum which notifies the Section of the receipt of the request and provides a copy of the request letter.  Each Division Section has a Deputy Chief who serves as a contact point regarding issues related to public disclosures under FOI/PA.

9.    Within CRT, the Voting Section is the section charged with enforcement of the civil provisions of various federal voting rights laws enacted by Congress.

10.    On September 30, 2021, CRT's FOI/PA Unit emailed a referral and questionnaire, including Plaintiffs' FOIA request, to Robert Berman, a Deputy Chief in CRT's Voting Section. Mr. Berman, the designated FOI/PA contact for the Voting Section, has personal knowledge of the Section and all matters, cases, or other law enforcement proceedings addressed by the Section. I directed and invited Mr. Berman's particular focus and attention to the request for guidance documents.  Mr. Berman responded to the discrete request for guidance documentation in the negative, verbally asserting that no such guidance existed.  Mr. Berman subsequently reiterated this response in writing on January 25th, 2022 after consulting with the Voting Section's Chief Chris Herren and Principal Deputy Chief Rebecca Wertz.

11.  Pursuant to CRT's routine procedures, when the Division receives a request seeking access to specific documents, the Division will also contact the Office of the Assistant Attorney General (OOAG). or whichever Deputy Assistant Attorney General or Generals has or have supervisory responsibility over the Section that specializes in the enforcement of the particular Division statute or issues referenced in the request, or that otherwise is likely to have information relevant to the subject matter of the request.  The OAAG has senior management authority over the Division's twelve Sections.  As senior management within the Division, the OAAG staff is the informational source that can best identify the program areas of the Division which would be likely to possess responsive records, and has the capacity to identify any additional areas to be searched for responsive records, if any.

12. On October 25, 2021, Plaintiffs' FOIA request was forwarded to OAAG Chief of Staff and Senior Counsel, Shaylyn Cochran, for review. After reviewing the request, Ms. Cochran consulted with the FOIA/PA Unit regarding any front office custodians that may need to be added or removed, whether an email search is adequate or the possibility of records elsewhere is necessary, and any additional search terms that would be helpful in finding potentially responsive records before signing off on the final search parameters.

13.  On October 19, 2021, Plaintiffs' FOIA request was forwarded to the Division's Administrative Section, Correspondence Unit, which handles congressional correspondence on behalf of the Division.   This referral was in response to part 2 of Plaintiffs' request, seeking communications with Congress about Georgia's election law.  This referral was for a separate search for hard copy records in addition to the electronic searches conducted under the domain names of @mail.house.gov and @mail.senate.gov.

**Searches Conducted**

14.     As discussed above, CRT's FOI/PA Unit is responsible for conducting searches for records among CRT's front office executives in OAAG that are potentially responsive to FOI/PA requests. To assure that a reasonable and adequate search of records will be conducted, the FOI/PA Unit performed a detailed analysis of all front office executives in OAAG relevant to the issues indicated in the request.  In consultation with Chief of Staff and Senior Counsel Shaylyn Cochran, a list of 8 CRT front-office custodians, including both current and former CRT employees, was developed.  In consultation with Ms. Cochran, it was determined that these 8 custodians were the only individuals in CRT's front office who were likely to have communicated with the 62 non-governmental entities or with Congress about Georgia's election law based on their job responsibilities and involvement with VOT's work relating to Georgia's election law. Ms. Cochran also consults with the FOIA/PA Unit regarding appropriate search terms. The Unit also consulted with Voting Section Deputy Chief Robert Berman to identify 12 custodians who are current or former employees from the Voting Section and who may have potentially responsive records.  In consultation with Mr. Berman, it was determined that only these 12 VOT employees were likely to have communicated with the 62 non-governmental entities or with Congress about Georgia's election law based on their job responsibilities and work regarding Georgia's election law.

15.   On October 28, 2021 and January 21, 2022, CRT'S FOI/PA Unit sent two Outlook/PST electronic search requests to Systems Engineering, requesting a search and collection of all relevant custodians' Outlook accounts for any communications sent or received related to the request, using domain names and targeted keywords.  These searches applied to all

electronic communications in the Division–wide email system called "Outlook."  In mid-2017, CRT began using Outlook, which is Microsoft's Office 365 cloud-based technology that hosts the Division's mailboxes.  The Security and Compliance Center, which is integrated into the Outlook platform, offers an E-Discovery search tool used to extract data from CRT's mailboxes.  Given that parts 1 and 2 of Plaintiffs' request specifically sought communications regarding Georgia's election law, it was determined that a search of the custodians' email accounts would be reasonably expected to identify records of such communications.

16. The Division's electronic searches of emails covered the following 20 custodians identified as potentially having responsive records: Assistant Attorney General Kristen Clarke, Principal Deputy Assistant Attorney General Pamela Karlan, Chief of Staff and Senior Counsel Shaylyn Cochran, Deputy Assistant Attorney General Gregory Friel, Assistant Attorney General (former) Eric Dreiband, Principal Deputy Assistant Attorney General (former) John Daukas, Counsel John Powers, Voting Section Chief Chris Herren, Voting Section Principal Deputy Chief Rebecca Wertz, Voting Section Deputy Chief John Russ and ten trial attorneys in the Voting Section.

17. These 20 custodians' email accounts were searched in two ways: first, a combination of domain name and Boolean search string within the email corpus (the "domain-name-plus-keyword search") was used to identify any emails that included specified domain names and a combination of keywords; second, a search of targeted keywords irrespective of domain names (the "keyword-only search") and the same Boolean search string.  Both searches were used to ensure that all potentially responsive records were located, given that domain names were not available for all 62 non-governmental entities listed by Plaintiffs in Part 1 of their request.

6

18.  For the domain-name-plus-keyword search, 61 email domains were used. Plaintiffs provided domain names for many of the entities they listed, and where the Unit was able to research and identify additional domain names, those were included those as well. The search instructed the collection of any emails belonging to the 20 custodians that contained the following domain names in either the TO, FROM, or CC fields:

@advancingjustice-aajc.org
@advancing justice-atlanta.org
@advancingjustice-alc.org
@keker.com
@splcenter.org
@acluga.org
@aclu.org
@dwt.com
@wilmerhale.com
@ame6.church
@gamvp.org
@lcfgeorgia.com
@deltasignmatheta.org
@ga.thearc.org
@thearc.org
@disabilitylink.org
@thegao.org
@nationalsclc.org
@concernedblackclergy.com
@kastorflaw.com
@advancementproject.org
@crowell.com
@justiceinc.org
@sdpconference.info
@mijente.net
@sankofa.church
@newbirth.org
@mabmu95.org
@firstchurchatl.org
@glahr.org
@faithinaction.org
@greaterworksfamily.com

@uscgg.org
@brucepbrownlaw.com
@ichterdavis.com
@hmhlaw.com
@grdlegal.com
@jcdcgo.org
@gappac.org
@naacpga.org
@bryansellslaw.com
@lawyerscommittee.org
@hugheshubbard.com
@naacpldf.org
@thepeoplesagenda.org
@lwvga.org
@galeo.org
@commoncause.org
@ulgatl.org
@newgeorgiaproject.org
@khlawfirm.com
@perkinscoie.com
@blackvotersmatterfund.org
@risefree.org
@voterparticipation.org
@rh-law.com
@campaignlegalcenter.org
@centerforvoterinformation.org
@fairfightaction.com
@mail.house.gov
@mail.senate.gov
@careinaction.us
@staceyabrams.com

19.     For the domain-name-plus-keyword search, emails were collected from the 20 custodians if they both contained one of the above specified domain names in the TO, FROM, or CC field, and also satisfied a keyword search.  This keyword search took the form of a Boolean search string (a structured search process that allows the user to combine different elements such as AND, OR or NOT to limit or broaden a search to find the most relevant results). The Boolean search string for this search was: (Georgia OR "GA") AND (Integrity OR Election OR Vot* OR ID OR Identification OR "67" OR Bill OR "241" OR Senate OR "531" OR "202" OR House OR Committee).  In other words, the search instructed the collection of any emails belonging to the 20 custodians; TO, FROM, or CC-ing the specified domain names; that contained either the words "Georgia" or "GA" in combination with the other 13 words within the subject line or body of the email.  Intended to increase the number of responsive documents, these terms were selected to include multiple ways that Georgia's election law might be referred to, while avoiding unrelated results.

20.     For the keyword-only search, emails were collected from the 20 custodians that contained any of several targeted key words in combination with the same Boolean search string in the subject line, address fields, or body of the email. The following 30 targeted key words were:  Ossoff, Warnock, Keker, ACLU, Tremaine, Wilmer, Methodist, Womenwatchafrika, Sankofa, Sigma, Kastorf, Crowell, DeWitt, Mijente, Ichter, Hecht, Giaoma, Hughes, Galeo, Krevolin, Perkins, Hardin, McRae, Exhousia, McCormick, Muskogee, Careinaction, Cleaver, VoteAmerica, and Abrams.  This search did not require an email to involve any particular domain name for the email to be collected. Keywords for this part of the search were selected as those most likely to identify responsive records while avoiding a voluminous amount of false positives.

8

For example, while Plaintiffs provided domain names for many of the 62 entities they listed, they did not provide domain names for all entities.  The FOI/PA Unit selected terms to fill these gaps (for example, Plaintiffs listed the "Lower Muskogee Creek Tribe" as one of the 62 entities, but did not provide an associated domain name, so "Muskogee" was used as a search term for the keyword-only search). Similarly, Plaintiffs' request specifically sought communications with Senators Jon Ossoff and Raphael Warnock prior to their joining the Senate, which conceivably might not be captured by the Senate and House domain names, so their names were used as search terms for the keyword-only search.  While the Unit selected keywords to fill such gaps, it avoided selecting terms like church or "human rights," that, while present in the names of Plaintiffs' listed entities, were likely to return many unrelated results.

21.     For both the domain-name-plus-keyword search and the keyword-only search, the time period for the search was from November 3, 2020 through September 24, 2021.

22.     Both searches resulted in approximately 1,100 potential responsive records.  These records were loaded into Relativity, an electronic review tool used to review records for responsiveness.

23.     Once these potentially responsive records were loaded into Relativity, Angela Winters, CRT'S FOI/PA Unit General Attorney, conducted a first level review of all 1,100 records and identified 125 records for further review.  A first level review more narrowly identifies documents that are responsive to the request, tags them for further review and offers a first determination of what exemptions could apply.

24.     Kilian Kagle, CRT's FOI/PA Unit Chief conducted a second level review of the 125 records. This review, as well as additional deduplication and email threading resulted in a

9

reduction of responsive records to 88. Of these records, it was determined that 30 were appropriate to be produced to Plaintiffs in full.

25.     On March 7, 2022, the FOI/PA Unit sent an interim response to Plaintiffs which consisted of 596 pages.  These documents were released in full without any redactions. A copy of Defendant's response letter is attached as Exhibit C (without attachments).

26.     CRT's FOI/PA Unit consulted with CRT's Voting Section concerning applicable FOIA exemptions regarding the remaining 58 documents.

27.     On April 18, 2022, the FOI/PA Unit sent the final response to Plaintiffs which consisted of 394 pages.   This release comprised 52 records with redactions and 6 records withheld in full pursuant to Exemptions 5, 6, and 7C as discussed more fully below and in the attached *Vaughn* index. A copy of Defendant's response letter is request is attached as Exhibit D (without attachments).

28.     On January 25, 2022, the Voting Section also responded to the FOI/PA Unit regarding the third portion of Plaintiffs' request for internal guidance documents DOJ uses to determine when a state election law violates the Voting Rights Act of 1965.  Within the Voting Section, Deputy Chief Robert Berman consulted with the Chief Chris Herren and Principal Deputy Chief Rebecca Wertz on this request.  As the senior managers of the Voting Section, these individuals have personal knowledge of the Section and all matters, investigations, cases, or other law enforcement proceedings addressed by the Section.   As the senior managers of the Voting Section, which is the section of CRT charged with enforcement of the civil provisions of various federal voting rights laws enacted by Congress, these individuals would be expected to be aware of the existence of internal guidance used to determine whether a state election law violates the

Voting Rights Act of 1965, if such guidance existed. The Voting Section's search did not identify any responsive records for this request.

29.     The Division's Administrative Section, Correspondence Unit, also responded to the FOI/PA Unit's referral.  The Correspondence Unit searched the Department's congressional correspondence data using the search terms of "Georgia and election and Act" for the time frame of November 3, 2020 through December 31, 2021.  The search located three potentially responsive records (total of 9 pages) from another component, Office of Legislative Affairs (OLA); accordingly, CRT referred those records to OIP for a review and a release determination. Seven of the 9 pages had previously been released by OIP, and on June 30, 2022, OIP sent a supplemental response to Plaintiffs releasing the remaining 2 pages in full.

## Exemptions

30.     Of the 52 records that were redacted in the April 18, 2022 release, all redactions were made pursuant to 5 U.S.C. § 552 Exemptions 5, 6 or 7(C). All 6 records withheld in full were withheld pursuant to 5 U.S.C. § 552 Exemption 5.

31.     Exemption 5 of the FOIA exempts from mandatory disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency."  These include records marked as attorney-client, work product and deliberative process privilege created and exchanged within or between agencies and/or consultants.

32.     Attorney-client privilege protects confidential communications providing legal advice and opinions. Work product privilege protects documents and other memoranda prepared by an attorney in anticipation of litigation. Deliberative process privilege is intended to protect the

decision-making processes of government agencies from public scrutiny in order to enhance the quality of agency decisions.  Disclosure of the information at issue would severely hamper the efficient day-to-day workings of CRT attorneys, who would no longer feel free to candidly discuss their ideas, strategies, and recommendations.

33.     The common interest doctrine also falls under Exemption 5 of FOIA and permits the withholding of communications between certain government agencies and private parties when partnered in litigation in order to more effectively prosecute or defend their claims.   There was a "meeting of the minds" among the Division and the external entities regarding the lawsuit filed by the U.S. Department of Justice against the State of Georgia (*United States v. State of Georgia*, 21-cv-02575 (N.D. GA.) on June 25, 2021.  One email, previously released to the FOIA Plaintiff here, shows the agreement and the intention by the Department of Justice and the private plaintiffs to work together on the ongoing litigation against the State of Georgia . (Bates #GA000658). This includes the sharing of documents that meet the Exemption 5 privilege thresholds including the attorney-client, work-product or deliberative process privileges. A separate declaration describing the common interest privilege among the parties and its applicability to the exemptions in this FOIA release is being submitted by CRT's Voting Section.

34.     Exemption 6 of the FOIA protects from disclosure information in personnel and medical files and similar files when disclosure would constitute a clearly unwarranted invasion of personal privacy. This exemption was used to conceal the email addresses of high-level DOJ officials, because disclosing those email addresses could be reasonably expected to lead to harassment or other negative consequences for the officials due to the volatility of the issue.

35.     Exemption 7 protects from disclosure important government or individual interests that arise in criminal, civil or administrative law enforcement proceedings. Specifically, exemption 7(C) protects any records that could reasonably be expected to constitute an unwarranted invasion of personal privacy. Redactions made under 7(C) were used to protect the local part of email addresses and direct lines or cell phone numbers of the DOJ employees and private third parties to protect their privacy in relation to a very contentious issue. The individual names and the domain names that identify the organizations they represent were not redacted.

36. When redacting, CRT's FOIA Unit adhered to FOIA's doctrine of segregability, which states that when an agency determines that it cannot make full disclosure of a requested record, FOIA requires that it consider whether partial disclosure of information is possible and take reasonable steps necessary to segregate and release nonexempt information.

37. The *Vaughn* Index, attached to this declaration as Exhibit E, briefly describes the responsive records, any information that was withheld from a record, and the FOIA Exemption(s) applied to any withheld information.  A brief description of each record where Exemption 5 withholdings were applied, the FOIA Exemption applied, and a brief description of the information withheld is contained in the *Vaughn* Index.

I declare under penalty of perjury that the foregoing is true and correct.

Kilian Kagle, Chief
FOI/PA Unit
Civil Rights Division
U.S. Department of Justice
Washington, D.C. 20530                     Executed on: <u>August 25, 2022</u>

# EXHIBIT A



August 31, 2021

By electronic mail to: mrufoia.requests@usdoj.gov

FOIA/PA Mail Referral Unit
Justice Management Division
Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Dear FOIA Officer:

This is a Freedom of Information Act ("FOIA") request submitted pursuant to 5 U.S.C. § 552, on behalf of the State of Georgia and Brad Raffensperger, the Georgia Secretary of State. This request seeks Department of Justice ("DOJ") communications discussing the State of Georgia's recent election law—the Election Integrity Act of 2021 ("Act"), which was enacted on March 25, 2021. That Act is currently subject to several legal challenges in the U.S. District Court for the Northern District of Georgia (including one brought by DOJ under the Voting Rights Act ("VRA")). Additionally, this request seeks internal guidance documents that DOJ uses to determine when an election law violates the VRA.

As discussed in more detail below, this request includes three parts. First, we seek DOJ communications with various non-governmental entities that are involved in the legal challenges to the Act. Second, we seek DOJ communications with members of Congress (or their staff) regarding the Act. Third, we seek internal guidance documents that DOJ uses to determine when a state election law violates the VRA.

This request is directed to the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of the Associate Attorney General, DOJ's Civil Rights Division (including, but not limited to, the Voting Section), and any other DOJ component determined reasonably likely to have responsive records under 28 C.F.R. § 16.3(a)(2).

For this request, a communication should be considered to discuss the Act if, at a minimum, it refers to any of the following:[1] Georgia's Election Integrity Act of 2021, Georgia's election law, Georgia's voter law, Georgia's voter ID law, Georgia's voter identification law, Georgia Senate Bill 67 (SB 67), Georgia Senate Bill 241

---

[1] This list is not intended to be exhaustive. Rather, this part of the request should be interpreted broadly to include any communications discussing Georgia's recent election law.

State of Georgia FOIA Request
August 31, 2021
Page 2

(SB 241), Georgia House Bill 531 (HB 531), Georgia Senate Bill 202 (SB 202), or Georgia's Special Committee on Election Integrity.

## I. Request

### A. Request for communications with certain non-governmental entities

We request all communications discussing the Act exchanged between DOJ personnel and the following individuals or representatives of the following non-governmental entities from November 3, 2020, through the date of the search:[2]

1. Asian Americans Advancing Justice (@advancingjustice-aajc.org; @advancingjustice-atlanta.org; @advancingjustice-alc.org)

2. Keker, Van Nest and Peters LLP (@keker.com)

3. Southern Poverty Law Center (@splcenter.org)

4. ACLU Foundation (@acluga.org; @aclu.org)

5. Davis Wright Tremaine LLP (@dwt.com)

6. Wilmer Cutler Pickering Hale and Dorr LLP (@wilmerhale.com)

7. Sixth District of the African Methodist Episcopal (AME) Church (@ame6.church)

8. Georgia Muslim Voter Project (@gamvp.org)

9. Women Watch Afrika (womenwatchafrika@gmail.com)

10. Latino Community Fund Georgia (@lcfgeorgia.com)

11. Delta Sigma Theta Sorority, Inc. (@deltasigmatheta.org)

12. The Arc Georgia (@ga.thearc.org)

13. The Arc of the United States (@thearc.org)

14. Georgia Adapt (@disabilitylink.org)

15. Georgia Advocacy Office (@thegao.org)

16. Southern Christian Leadership Conference (@nationalsclc.org)

17. The Concerned Black Clergy of Metropolitan Atlanta (@concernedblackclergy.com)

---

[2] Where available, we have provided an e-mail suffix for the listed entity. However, the suffixes are not intended to be exhaustive. Any reasonable search would also include the name of the listed organization, as each may use other e-mail platforms.

State of Georgia FOIA Request
August 31, 2021
Page 3

18. Kastorf Law, LLC (@kastorflaw.com)

19. Advancement Project (@advancementproject.org)

20. Crowell & Moring LLP (@crowell.com)

21. The Justice Initiative (@justiceinc.org)

22. Samuel Dewitt Proctor Conference, Inc. (@sdpconference.info)

23. Mijente, Inc. (@mijente.net)

24. Sankofa United Church of Christ (@sankofa.church)

25. New Birth Missionary Baptist Church (@newbirth.org)

26. Metropolitan Atlanta Baptist Ministers Union, Inc. (@mabmu95.org)

27. First Congregational Church, United Church of Christ Inc. (@firstchurchatl.org)

28. Georgia Latino Alliance for Human Rights, Inc. (@glahr.org)

29. Faith in Action Network (@faithinaction.org)

30. Greater Works Ministries Network, Inc. (@greaterworksfamily.com)

31. Exousia Lighthouse International C.M., Inc.

32. Coalition for Good Governance (@uscgg.org)

33. Bruce P. Brown Law LLC (@brucepbrownlaw.com)

34. Ichter Davis LLC (@ichterdavis.com)

35. Hecht Walker, P.C. (@hmhlaw.com)

36. Giacoma Roberts & Daughdrill LLC (@grdlegal.com)

37. Jackson County Democratic Committee (@jcdcgo.org)

38. Georgia Advancing Progress (@gappac.org)

39. Georgia State Conference of the NAACP (@naacpga.org)

40. The Law Office of Bryan Sells, LLC (@bryansellslaw.com)

41. Lawyers' Committee for Civil Rights Under Law (@lawyerscommittee.org)

42. Hughes Hubbard & Reed LLP (@hugheshubbard.com)

43. NAACP Legal Defense and Educational Fund (@naacpldf.org)

44. Georgia Coalition for the People's Agenda, Inc. (@thepeoplesagenda.org)

45. League of Women Voters of Georgia (@lwvga.org)

State of Georgia FOIA Request
August 31, 2021
Page 4

46.    GALEO Latino Community Development Fund, Inc. (@galeo.org)

47.    Common Cause (@commoncause.org)

48.    Lower Muskogee Creek Tribe

49.    The Urban League of Greater Atlanta (@ulgatl.org)

50.    The New Georgia Project (@newgeorgiaproject.org)

51.    Krevolin & Horst, LLC (@khlawfirm.com)

52.    Perkins Coie LLP (@perkinscoie.com)

53.    Black Voters Matter Fund (@blackvotersmatterfund.org)

54.    Rise, Inc. (@risefree.org)

55.    VoteAmerica

56.    Voter Participation Center (@voterparticipation.org)

57.    Rogers & Hardin LLP (@rh-law.com)

58.    Campaign Legal Center (@campaignlegalcenter.org)

59.    Center for Voter Information (@centerforvoterinformation.org)

60.    Fair Fight (@fairfightaction.com)

61.    Care in Action, Inc.

62.    Stacey Abrams

**B.    Request for communications with members of Congress (or their staff)**

We request all communications between DOJ personnel and members of Congress (or their staff) from November 3, 2020, through the date of the search, that discuss the Act.[3]  At a minimum, a search for responsive records should include searches for electronic communications involving the following e-mail suffixes: "@mail.house.gov"; "senate.gov."

**C.    Request for internal guidance documents**

We request all internal guidance documents that DOJ uses to determine when, in DOJ's opinion, a provision of a state's election law violates the VRA.  For instance, this request includes, but is not limited to, internal guidance that DOJ uses to

---

[3] This request includes communications between DOJ personnel and Senators Jon Ossoff and Raphael Warnock (or their staff) from November 3, 2020—including the period before they joined the Senate.

State of Georgia FOIA Request
August 31, 2021
Page 5

evaluate how one state's election law provision violates the VRA, while the same provision enacted in another state does not violate the VRA.

## II.    Fees

We request a full fee waiver for this request as "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The subjects of the requested records concern government operations. Georgia recently enacted reasonable election rules. Despite the fact that it is a state's responsibility to "set[ ] [the] rules" for the electoral process, *New Georgia Project v. Raffensperger*, 976 F.3d 1278, 1284 (11th Cir. 2020), multiple entities (including DOJ) have filed lawsuits seeking to prevent Georgia from implementing those rules. The requested records will contribute to the public's understanding of the coordination between the entities initiating those lawsuits. Such information is not currently public, and the requesters have no commercial interest in the records. Thus, a full fee waiver should be granted.

## III.    Format

We ask that you please provide each responsive record in electronic form. If a portion of the responsive records may be produced more readily than the remainder, please produce those records first, with the remaining records produced on a rolling basis. Also, if you withhold any responsive record in whole or in part pursuant to any FOIA exemption, please provide a *Vaughn* index explaining all such withholdings.

## IV.    Contact

We welcome communication about this request if further discussion would assist in the search and release of the requested records. We ask that you respond to this request without delay given our urgent need for the responsive records. Additionally, please feel free to contact counsel for the requesters should you wish to discuss the request.   Counsel may be contacted by email at gschaerr@schaerr-jaffe.com and bfield@schaerr-jaffe.com or by phone at (202) 787-1060.

Thank you for your attention and assistance.

Sincerely,

Gene C. Schaerr
Brian J. Field

*Counsel for the State of Georgia
and Secretary Raffensperger*

# EXHIBIT B



U.S. Department of Justice
Civil Rights Division

KK:ANF:AKL

*Freedom of Information/PA Unit –4CON*
*950 Pennsylvania Ave., NW*
*Washington, DC 20530*

*Via Electronic Mail*
Mr. Gene C. Schaerr                                        September 30, 2021
Schaerr Jaffe, LLP
gschaerr@schaerr-jaffe.com

Date Received: September 24, 2021                FOI/PA No.21-00305-F

Subject of Request:    Information pertaining to all communications discussing the Election Integrity Act exchanged between DOJ personnel and the Asian Americans Advancing Justice (@advancingjustice-aajc.org; @advancingjustice-atlanta.org; @advancingjustice-alc.org); Keker, Van Nest and Peters LLP (@keker.com); Southern Poverty Law Center (@splcenter.org) ACLU Foundation (@acluga.org; @aclu.org) Davis Wright Tremaine LLP (@dwt.com); Wilmer Cutler Pickering Hale and Dorr LLP (@wilmerhale.com); Sixth District of the African Methodist Episcopal (AME) Church (@ame6.church); Georgia Muslim Voter Project (@gamvp.org); Women Watch Afrika (womenwatchafrika@gmail.com); . Latino Community Fund Georgia (@lcfgeorgia.com); Delta Sigma Theta Sorority, Inc. (@deltasigmatheta.org); The Arc Georgia (@ga.thearc.org); The Arc of the United States (@thearc.org);  Georgia Adapt (@disabilitylink.org); Georgia Advocacy Office (@thegao.org); Southern Christian Leadership Conference (@nationalsclc.org); The Concerned Black Clergy of Metropolitan Atlanta (@concernedblackclergy.com); Kastorf Law, LLC (@kastorflaw.com); Advancement Project (@advancementproject.org); Crowell & Moring LLP (@crowell.com); The Justice Initiative (@justiceinc.org); Samuel Dewitt Proctor Conference, Inc. (@sdpconference.info); Mijente, Inc. (@mijente.net); Sankofa United Church of Christ (@sankofa.church); New Birth Missionary Baptist Church (@newbirth.org); Metropolitan Atlanta Baptist Ministers Union, Inc. (@mabmu95.org); First Congregational Church, United Church of Christ Inc. (@firstchurchatl.org); Georgia Latino Alliance for Human Rights, Inc. (@glahr.org); Faith in Action Network (@faithinaction.org); Greater Works Ministries Network, Inc. (@greaterworksfamily.com); Exousia Lighthouse International C.M., Inc.; Coalition for Good Governance (@uscgg.org); Bruce P. Brown Law LLC (@brucepbrownlaw.com); Ichter Davis LLC (@ichterdavis.com); Hecht Walker, P.C. (@hmhlaw.com); Giacoma Roberts & Daughdrill LLC (@grdlegal.com); Jackson County Democratic Committee (@jcdcgo.org); Georgia Advancing Progress (@gappac.org); Georgia State Conference of the NAACP (@naacpga.org); The Law Office of Bryan Sells, LLC (@bryansellslaw.com);  Lawyers' Committee for Civil Rights Under Law (@lawyerscommittee.org); Hughes Hubbard & Reed LLP (@hugheshubbard.com); NAACP Legal Defense and Educational Fund (@naacpldf.org); Georgia Coalition for the People's Agenda, Inc. (@thepeoplesagenda.org); League of Women Voters of Georgia (@lwvga.org);  GALEO Latino Community Development Fund, Inc. (@galeo.org); Common Cause (@commoncause.org); Lower Muskogee Creek Tribe; The Urban

League of Greater Atlanta (@ulgatl.org); The New Georgia Project (@newgeorgiaproject.org); Krevolin & Horst, LLC (@khlawfirm.com); Perkins Coie LLP (@perkinscoie.com); Black Voters Matter Fund (@blackvotersmatterfund.org); Rise, Inc. (@risefree.org); VoteAmerica; Voter Participation Center (@voterparticipation.org); Rogers & Hardin LLP (@rh-law.com); Campaign Legal Center (@campaignlegalcenter.org) from November 3, 2020, through the date of the search

Dear Mr. Schaerr:

This is to inform you that your request for records from the files of the Civil Rights Division was received by the Division's Freedom of Information/Privacy Acts (FOI/PA) Branch on the date indicated above.  Your request has been assigned the FOI/PA number shown above.  Please refer to this number in any future correspondence concerning this request.  In connection with review of your FOI/PA request, the following paragraph(s) are applicable:

_____In searching its file for records responsive to your request,_____
_____
located records that originated with the Civil Rights Division.  These records were referred to the Civil Rights Division as the originating component for review and release determination.  Upon completion of our review, the releasable document(s) will be sent directly to you.

 XX   As a result of the large number of Freedom of Information and Privacy Acts requests received by the Civil Rights Division, some delay may be encountered in processing your request.  In an attempt to treat each requester fairly, we have adopted a policy of processing requests in the approximate order of receipt.  Please be assured that your request is being handled as equitably as possible.  We appreciate your patience and will provide you with a response at the earliest possible date.  Please note that the Civil Rights Division utilizes multi-track processing in which processing ranges from faster tracks for requests (seeking access to documents already processed for prior requests) to much slower tracks for complex requests involving voluminous amounts of responsive documents or extensive consultation.  At your option, you may wish to call the number below and limit the scope of your request to enable your request to be handled in the most expeditious manner available to fulfill your interests.

_____  Since your letter did not include authorization or a certification of identity, we will close your file for now.  We will re-open your request on receipt of the required authorization forms. The Privacy Act, and the Department of Justice Privacy Act regulation, 28 C.F.R. §16.41, require each person requesting records indexed or maintained under his or her name or another person's name, to furnish the Department with proof of identity/consent to disclosure.  Please complete the enclosed form and return it directly to the Freedom of Information/Privacy Acts Branch, Civil Rights Division, US Department of Justice, Washington, D.C. 20530.

 XX   We have to consult with other offices in the Civil Rights Division to conduct a search and locate records which may be responsive to your request.  Because of the need to examine a voluminous amount of records, we can respond only after consulting with the other offices.  Thus, there may be some delay in the processing of your request as a result.  Accordingly, your request falls within "unusual circumstances."  See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii).  Because of these unusual circumstances, we are extending the time limit to respond to your request **beyond the ten additional days provided by the statute.**  The time needed to process your request will necessarily depend on the volume

and complexity of the records located.  For your information, this Office assigns incoming requests to one of three tracks:  simple, complex, or expedited.  Each request is then handled on a first-in, first-out basis in relation to other requests in the same track.  Simple requests usually receive a response in approximately **one month**, whereas complex requests necessarily take longer. To allow us to respond more quickly to you, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing.

<u>XX</u>    Please be advised that due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be some delay in the processing of your request.

If you are not satisfied with the Civil Rights Division's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you have any further questions, contact this office by calling (202) 514-4210.

Sincerely,

*April N. Freeman*

for
Kilian Kagle, Chief
Freedom of Information/Privacy Acts Unit
Civil Rights Division

# EXHIBIT C

**U.S. Department of Justice**

Civil Rights Division

---

*Freedom of Information/Privacy Acts Branch - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC  20530*

KK:AW
21-00305-F

*Via Electronic Mail Only*                                        March 7, 2022
Mr. Brian Field
Schaerr Jaffe LLP
1717 K. Street, NW, Suite 900
Washington, DC 20006
bfield@schaerr-jaffe.com

Dear Mr. Field

   This is a supplemental response to your August 31, 2021 Freedom of Information Act request, which was received by the DOJ's Civil Rights Division (CRT) on September 24, 2021, seeking access to all email communications between CRT officials and various non-governmental entities that are involved in legal challenges to Georgia's recent election law, the Election Integrity Act of 2021 as well as any internal guidance documents that DOJ uses to determine when an election law violates the Voting Rights Act.

   Attached is the first set of documents responsive to your request. This set consist of 596 pages. CRT will continue to process the results of its search for responsive records and provide them to you pursuant to the Joint Status Report dated February 3, 2022.

   Although this matter is in litigation, I am obligated to advise you that you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.gov/foiaonline/action/public/home.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

   I hope the Civil Rights Division has been of some assistance to you in this matter.

                              Sincerely,

                              *Kilian Kagle*

                              Kilian Kagle, Chief
                         Freedom of Information/Privacy Acts Branch
                              Civil Rights Division

# EXHIBIT D



U.S. Department of Justice
Civil Rights Division

---

KK:ANF:TC
21-00305-F

*Freedom of Information/PA Unit – 4CON*
*950 Pennsylvania Ave., NW*
*Washington, DC 20530*

Mr. Gene C. Schaerr
Counsel, Schaerr Jaffe LLP
1717 K. Street, NW #900
Washington, DC 20006
gschaerr@schaerr-jaffe.com

Dear Mr. Schaerr:

This is the final response to your August 31, 2021 Freedom of Information Act request, received by the Civil Rights Division on September 24, 2021, seeking access to email communications between CRT officials and various non-governmental entities that are involved in legal challenges to Georgia's recent election law, the Election Integrity Act of 2021 as well as any internal guidance documents that DOJ uses to determine when an election law violates the Voting Rights Act.

Enclosed please find 394 pages responsive to your request.  After review of the responsive Civil Rights Division documents, I have determined that the documents may be released to you subject to the excision of certain personal identifiable information of private citizens, pursuant to 5 U.S.C. § 552 (b)(6) and (b)(7)(C) since disclosure thereof could reasonably be expected to constitute an unwarranted invasion of personal privacy; and pursuant to 5 U.S.C. § 552 (b)(5) since the intra-agency memoranda consist of attorney work-product and predecisional deliberative material.  Please note that this production is the second of two and represents the final production in this matter.

If you have any questions about this response, you may contact agency attorney Rebecca Kopplin at (202) 514-3953 or Rebecca.M.Kopplin@usdoj.gov.

I hope the Civil Rights Division has been of some assistance to you in this matter.

Sincerely,

*Kilian Kagle*

Kilian Kagle, Chief
Freedom of Information/Privacy Acts Unit
Civil Rights Division

# EXHIBIT E

**Vaughn Summary Categorical Index**

*Georgia v. DOJ, 21-3138*

**Civil Rights Division**

| Page | Bates # | Date(s) | Custodians | Document Description | Exemption | Pages |
|---|---|---|---|---|---|---|
| 5 | GA000601 | Email chain from 9/9/21 – 9/17/21 | FROM: Elizabeth Ryan, DOJ; Ezra Rosenberg, Lawyers Committee; Sophia Lakin, ACLU<br><br>TO: Ezra Rosenberg, Lawyers Committee; Sophia Lakin, ACLU; Elizabeth Ryan, DOJ<br><br>CC: Jasmyn Richardson, DOJ; Adam Sieff, DWT; Niyati Shah, AAJC; Julie Houk, Lawyers Committee; Matt Jedreski, DWT; Toby Moore, DOJ; Elizabeth Ryan, DOJ; Sophia Lakin, ACLU | Emails between CRT attorneys and non-governmental common interest attorneys[1] with redactions to the subject line and email body. Redacted material comprises litigation strategy topics and discussion thereof that precedes DOJ's litigation decisions and reflects material created by attorneys for ongoing litigation. | B(5) – DP/AWP | 4 |
| 9 | GA000605 | Email chain from 9/9/21 – 9/13/21 | FROM: Elizabeth Ryan, DOJ; Ezra Rosenberg, Lawyers Committee; Sophia Lakin, ACLU<br><br>TO: Ezra Rosenberg, Lawyers Committee; Sophia Lakin, ACLU; Elizabeth Ryan, DOJ<br><br>CC: Jasmyn Richardson, DOJ; Adam Sieff, DWT; Niyati Shah, AAJC; Julie Houk, Lawyers Committee; Matt Jedreski, DWT; Toby Moore, DOJ; Elizabeth Ryan, DOJ; Sophia Lakin, ACLU | Emails between CRT attorneys and non-governmental common interest attorneys with redactions to the subject line and email body. Redacted material comprises litigation strategy topics and discussion thereof that precedes DOJ's litigation decisions and reflects material created by attorneys for ongoing litigation. | B(5) – DP/AWP | 4 |
| 13 | GA000610 | Email chain from 9/9/21 – 9/13/21 | FROM: Elizabeth Ryan, DOJ; Ezra Rosenberg, Lawyers Committee; Sophia Lakin, ACLU<br><br>TO: Ezra Rosenberg, Lawyers Committee; Sophia Lakin, ACLU; Elizabeth Ryan, DOJ<br><br>CC: Jasmyn Richardson, DOJ; Adam Sieff, DWT; Niyati Shah, AAJC; Julie Houk, Lawyers Committee; Matt | Emails between CRT attorneys and non-governmental common interest attorneys with redactions to the subject line and email body. Redacted material comprises litigation strategy topics and discussion thereof that precedes DOJ's litigation decisions and | B(5) – DP/AWP | 3 |

---

[1] Group of non-governmental attorneys with whom CRT partnered with, and thus shared a common interest, in litigation against GA SB202 state law, The Election Integrity Act of 2021.

| | | | Jedreski, DWT; Toby Moore, DOJ; Elizabeth Ryan, DOJ; Sophia Lakin, ACLU | reflects material created by attorneys for ongoing litigation. | | |
|---|---|---|---|---|---|---|
| 17 | GA000613 | 8/20/21 | FROM: Elizabeth Ryan, DOJ; Niyati Shah, AAJC; Leah Aden, NAACPLDF

TO: Niyati Shah, AAJC; Villa Hayes, HH; Julie Houk, Lawyers Committee; Matt Jedreski, DWT; Maureen Bayer, DWT; Elizabeth Ryan, DOJ; Leah Aden, NAACPLDF

CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Leah Aden, NAACPLDF | Emails between CRT attorneys and non-governmental common interest attorneys with subject line and partial email body redactions discussing open records request strategy and purpose. | B(5) – DP/AWP | 3 |
| 20 | GA000616 | Email chain from 9/21/21 – 9/21/21 | FROM: Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Webb Lyons, Wilmer Hale

TO: Jasmyn Richardson, DOJ; Ernest McFarland, DOJ; Candice Nguyen, Keker; Hillary Li, AAJC; Sophia Lakin, ACLU; John Cusick, NAACPLDF; Bryan Sells, BSL; Autumn Payne, DOJ; Julie Houk, Lawyers Committee; Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF

CC: John Russ, DOJ; Leah Aden, NAACPLDF | Emails between CRT attorneys and non-governmental common interest attorneys with attachment title and partial email body redactions of discussions related to litigation strategy proposals and purpose. | B(5) – DP/AWP | 2 |
| 22 | GA000618 | 9/21/21 | FROM: Leah Aden, NAACPLDF

TO: Jasmyn Richardson, DOJ; Ernest McFarland, DOJ; Candice Nguyen, Keker; Hillary Li, AAJC; Sophia Lakin, ACLU; John Cusick, NAACPLDF; Bryan Sells, BSL; Autumn Payne, DOJ; Julie Houk, Lawyers Committee

CC: John Russ, DOJ; Leah Aden, NAACPLDF | This draft document withheld in full is an attachment to the previous email.  It is relating to litigation strategy and plans for interviewing witnesses, and is marked "privileged and confidential," "attorney work product" and "common interest privilege." | B(5) – DP/AWP | 28 |
| 53 | GA000649 | Email chain from 7/24/21 – 8/16/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee

TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, | Emails between CRT attorneys and non-governmental common interest attorneys with redactions of discussions about a possible response to inquiries and litigation strategy related to research, potential positions on related claims and interviews. | B(5) – DP/AWP | 12 |

| | | | Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC<br><br>CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF, Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | | | |
| 66 | GA000662 | Email chain from 7/24/21 – 8/25/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC | Emails between CRT attorneys and non-governmental common interest attorneys with attachment title and email body redactions of communications about possible response to inquiries and litigation strategy related to research, potential positions on related claims and interviews. | B(5) – DP/AWP | 9 |

| | | | CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF, Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | | | |
|---|---|---|---|---|---|---|
| 75 | GA000671 | 8/25/21 | FROM: Leah Aden, NAACPLDF<br><br>TO: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ<br><br>CC: Rylee Kercher Olm, Keker; Hillary Li, AAJC; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; John Cusick, NAACPLDF; Webb Lyons, Wilmer Hale; Julie Houk, Lawyers Committee; Bryan Sells, BSL; Stephanie Lin, Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Leah Aden, NAACPLDF | This draft document withheld in full is an attachment to the previous email.  It is relating to litigation strategy and plans for interviewing witnesses, and is marked "privileged and confidential," "attorney work product" and "common interest privilege." | B(5) – DP/AWP | 22 |
| 102 | GA000698 | Email chain from 9/1/21 – 9/24/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Webb Lyons, Wilmer Hale<br><br>TO: Leah Aden, AAJC; Webb Lyons, Wilmer Hale; Ernest McFarland, DOJ; Leah Aden, NAACPLDF; Candice Nguyen, Keker; Hillary Li, AAJC; Sophia Lakin, ACLU; John Cusick, NAACPLDF; Bryan Sells, BSL; Autumn Payne, DOJ; Julie Houk, Lawyers Committee; Jasmyn Richardson, DOJ | Emails between CRT attorneys and non-governmental common interest attorneys with partial subject line and email body redactions of communications about possible response to inquiries and litigation strategy related to research, potential positions on related claims and interviews. | B(5) – DP/AWP | 4 |

| | | | CC: Jasmyn Richardson, DOJ; Webb Lyons, Wilmer Hale; Ernest McFarland, DOJ; Candice Nguyen, Keker; Sophia Lakin, ACLU; John Cusick, NAACPLDF; Bryan Sells, BSL; Autumn Payne, DOJ; Julie Houk, Lawyers Committee; John Russ, DOJ | | | |
|---|---|---|---|---|---|---|
| 106 | GA000702 | 9/24/21 | FROM: Hillary Li, AAJC<br><br>TO: Leah Aden, NAACPLDF<br><br>CC: Jasmyn Richardson, DOJ; Webb Lyons, Wilmer Hale; Ernest McFarland, DOJ; Candice Nguyen, Keker; Sophia Lakin, ACLU; John Cusick, NAACPLDF; Bryan Sells, BSL; Autumn Payne, DOJ; Julie Houk, Lawyers Committee; John Russ, DOJ | This draft document withheld in full is an attachment to the previous email.  It is relating to litigation strategy and plans for interviewing witnesses, and is marked "privileged and confidential," "attorney work product" and "common interest privilege." | B(5) – DP/AWP | 3 |
| 109 | GA000705 | Email chain from 7/21/21 – 8/9/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC<br><br>CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF; Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; | Emails between CRT attorneys and non-governmental common interest attorneys with redactions of communications related to potential litigation strategies, positions on related claims and county records requests. | B(5) – AWP; B(5) – DP/AWP | 5 |

| | | | Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | | | |
|---|---|---|---|---|---|---|
| 213 | GA000809 | Email chain from 7/24/21 – 8/30/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC<br><br>CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF; Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | Emails between CRT attorneys and non-governmental common interest attorneys with redactions of communications related to potential litigation strategies and research as well as potential positions on related claims. | B(5) – DP/AWP | 13 |

6

| 227 | GA000823 | Email chain from 7/24/21 – 8/30/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC<br><br>CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF, Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | Emails between CRT attorneys and non-governmental common interest attorneys with partial subject line and email body redactions of communications about possible response to inquiries and litigation strategy related to research, potential positions on related claims and interviews. | B(5) – DP/AWP | 15 |
| 243 | GA000839 | 8/30/21 | FROM Hillary Li, AAJC<br><br>TO: Jasmyn Richardson, DOJ<br><br>CC: Leah Aden, NAACP; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; John Cusick | This draft document withheld in full is an attachment to the previous email.  It is relating to litigation strategy and plans for interviewing witnesses, and is marked "privileged and confidential," "attorney work | B(5) – DP/AWP | 22 |

| | | | | product" and "common interest privilege." | | |
|---|---|---|---|---|---|---|
| 266 | GA000862 | Email chain from 7/24/21 – 8/30/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC<br><br>CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF, Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | Emails between CRT attorneys and non-governmental common interest attorneys with attachment title and partial email body redactions of discussions related to litigation strategy proposals and purpose. | B(5) – DP/AWP | 10 |
| 276 | GA000872 | 8/30/21 | FROM: Leah Aden, NAACPLDF<br><br>TO: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ | This draft document withheld in full is an attachment to the previous email. It contains legal research related to the litigation and is marked "privileged and confidential," "attorney work | B(5) – DP/AWP | 6 |

| | | | CC: Rylee Kercher Olm, Keker, Hillary Li, AAJC; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; John Cusick, NAACPLDF; Webb Lyons, Wilmer Hale; Julie Houk, Lawyers Committee; Bryan Sells, BSL; Stephanie Lin, Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Leah Aden, NAACPLDF | product" and "common interest privilege." | | |
|---|---|---|---|---|---|---|
| 282 | GA000878 | Email chain from 9/1/21 – 9/22/21 | FROM: Jasmyn Richardson, DOJ; Leah Aden, NAACPLDF; Webb Lyons, Wilmer Hale<br><br>TO: Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Webb Lyons, Wilmer Hale; Ernest McFarland, DOJ; Candice Nguyen, Keker; Hillary Li, AAJC; Sophia Lakin, ACLU; Bryan Sells, BSL; Autumn Payne, DOJ, Julie Houk, Lawyers Committee<br><br>CC: John Russ, DOJ; Leah Alden, NAACPLDF | Emails between CRT attorneys and non-governmental common interest attorneys redacted for deliberative discussions of interviews and legal strategy. | B(5) – DP/AWP | 3 |
| 285 | GA000881 | Email chain from 7/24/21 – 8/6/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC<br><br>CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers | Emails between CRT attorneys and non-governmental common interest attorneys with redactions of communications related to potential litigation strategies and research as well as potential positions on related claims. | B(5) – DP/AWP | 4 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | Committee; Hillary Li, AAJC; John Cusick, NAACPLDF, Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | | | |
| 290 | GA000886 | Email chain from 7/24/21 – 8/9/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC<br><br>CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF, Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | Emails between CRT attorneys and non-governmental common interest attorneys with redactions of communications related to potential litigation strategies and research as well as potential positions on related claims. | B(5) – DP/AWP | 4 |

| 295 | GA000891 | Email chain from 7/24/21 – 8/17/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC<br><br>CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF, Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | Emails between CRT attorneys and non-governmental common interest attorneys with redactions of communications related to potential litigation strategies and research as well as potential positions on related claims. | B(5) – DP/AWP | 6 |
| 302 | GA000898 | Email chain from 7/24/21 – 8/31/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, | Emails between CRT attorneys and non-governmental common interest attorneys with redactions of communications related to potential litigation strategies and research as well as potential positions on related claims. | B(5) – DP/AWP | 8 |

| | | | Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC<br><br>CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF, Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | | | |
| 311 | GA000907 | Email chain from 7/24/21 – 8/29/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC | Emails between CRT attorneys and non-governmental common interest attorneys with redactions of communications related to potential litigation strategies and research as well as potential positions on related claims. | B(5) – DP/AWP | 7 |

| | | | CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF, Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | | | |
| 319 | GA000915 | Email chain from 7/24/21 - 8/26/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC<br><br>CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF, | Emails between CRT attorneys and non-governmental common interest attorneys with redactions of communications related to potential litigation strategies and research as well as potential positions on related claims. | B(5) – DP/AWP | 18 |

| | | | Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | | | |
|---|---|---|---|---|---|---|
| 330 | GA000926 | Email chain from 7/24/21-8/31/21 | FROM: Hillary Li, AAJC; Leah Aden, NAACPLDF; Jasmyn Richardson, DOJ; Ezra Rosenberg, Lawyers Committee<br><br>TO: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Jasmyn Richardson, DOJ; Hillary Li; Sophia Lakin, ACLU; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie, Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Clifford Zatz, Crowell Morning; Kurt Kastorf, Kastorf Law; Johnathan Diaz, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee; Julie Houk, Lawyers Committee; Ezra Rosenberg, Lawyers Committee; Caleb Jackson, CLC; Valencia Richardson, CLC<br><br>CC: Jasmyn Richardson, DOJ; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; Julie Houk Lawyers Committee; Bryan Sell, BSL; Stephanie Lin; Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Hillary Li, AAJC; John Cusick, NAACPLDF, Webb Lyons, Wilmer Hale; Leah Aden, NAACPLDF; Niyati Shah, AAJC; Pichaya Winichakul, SPLC; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleba Jackson, CLC; Valencia Richardson, CLC; Vilia Hayes, HH; Jon Greenbaum, Lawyers Committee | Emails between CRT attorneys and non-governmental common interest attorneys with attachment title and email body redactions of communications about possible response to inquiries and litigation strategy related to research, potential positions on related claims and interviews | B(5) – DP/AWP | 14 |

14

| 346 | GA000942 | 8/31/21 | FROM: Jasmyn Richardson, DOJ<br><br>TO: Hillary Li, AAJC<br><br>CC: Leah Aden, NAACPLDF; John Russ, DOJ; Rachel Evans, DOJ; Autumn Payne, DOJ; Ernest McFarland, DOJ; Rylee Kercher Olm, Keker; Sophia Lakin, ACLU; Tania Faranasso, Wilmer Hale; John Cusick, NAACPLDF; Webb Lyons, Wilmer Hale; Julie Houk, Lawyers Committee; Bryan Sells, BSL; Stephanie Lin, Wilmer Hale; Phi Nguyen, AAJC; Ezra Rosenberg, Lawyers Committee; Candice Nguyen, Keker; Eileen O'Connor, DOJ | This draft document withheld in full is an attachment to the previous email.  It is relating to litigation strategy and plans for interviewing witnesses, and is marked "privileged and confidential," "attorney work product" and "common interest privilege." | B(5) – DP/AWP | 27 |
| 374 | GA000970 | Email chain from 9/1/21 – 9/2/21 | FROM; Jasmyn Richardson, DOJ; Webb Lyons, Wilmer Hale<br><br>TO: Webb Lyons, Wilmer Hale; Ernest McFarland, DOJ; Leah Aden, NAACPLDF; Candice Nguyen, Keker; Hillary Li, AAJC; Sophia Lakin, ACLU; John Cusick, NAACPLDF; Bryan Sells, BSL; Autumn Payne, DOJ; Julie Houk, Lawyers Committee<br><br>CC: John Russ, DOJ | Emails between CRT attorneys and non-governmental common interest attorneys with attachment title and partial email body redactions of discussions related to litigation strategy proposals and purpose. | B(5) – DP/AWP | 2 |
| 382 | GA000978 | Email chain from 7/24/21 – 7/27/21 | FROM: John Russ, DOJ; Poy Winichakul, SPLC; Ezra Rosenberg, Lawyers Committee<br><br>TO: Poy Winichakul, SPLC; John Russ, DOJ; Jasmyn Richardson, DOJ; Ernest McFarland, DOJ; Leah Aden, NAACPLDF; Sophia Lakin, ACLU; Uzoma Nkwonta, Perkins Coie; Jyoti Jasrasaria, Perkins Coie; Esperanza Segarra, AP; Niyati Shah, AAJC; Candice Nguyen, Keker; Tania Faranasso, Wilmer Hale; Hillary Li, AAJC; Clifford Zatz, Crowell Moring; Kurt Kastorf, Kastorf Law; Jonathan Diaz, CLC; Caleb Jackson, CLC; Valencia Richardson, CLC; Villa Hayes, HH; Jon Greenbaum, Lawyers Committee, Julie Houk, Lawyers Committee; Jasmyn Richardson, DOJ, Leah Aden, NAACPLDF | Emails between CRT attorneys and non-governmental common interest attorneys with redactions of communications related to potential litigation strategies and research as well as potential positions on related claims. | B(5) – DP/AWP | 2 |
| 384 | GA000980 | Email chain | FROM: Elizabeth Ryan, DOJ; Niyati Shah, AAJC | Emails between CRT attorneys and non-governmental common | B(5) – DP/AWP | 5 |

| | | from 8/24/21 – 9/2/21 | TO: Niyati Shah, AAJC; Elizabeth Ryan, DOJ<br><br>CC: Toby Moore, DOJ | interest attorneys with redactions of subject line that identify proposed legal strategy. | | |
|---|---|---|---|---|---|---|
| 389 | GA000985 | Email chain from 8/24/21 – 9/13/21 | FROM: Elizabeth Ryan, DOJ; Niyati Shah, AAJC<br><br>TO: Niyati Shah, AAJC; Elizabeth Ryan, DOJ<br><br>CC: Toby Moore, DOJ | Emails between CRT attorneys and non-governmental common interest attorneys with redactions of subject line that identify proposed legal strategy and email body redactions for deliberative discussions of litigation strategy. | B(5) – DP/AWP | 5 |

**Acronym List**

DOJ – U.S. Department of Justice

ACLU – American Civil Liberties Union

DWT – Davis Wright Tremaine

AAJC – Asian American Advancing Justice

NAACP – National Association for the Advancement of Colored People Legal Defense Fund

HH – Hughes Hubbard

BSL – Bryan Sells Law

SPLC – Southern Poverty Law Center

AP – Advancement Project

CLC – Campaign Legal Center

16