## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF GEORGIA, et al., | |
| Plaintiffs, | |
| v. | Case No. 1:21-cv-3138 (TNM) |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant. | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S
## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE AND
## PLAINTIFFS' COUNTER-STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Civil Rule 7(h), and ¶ 14(B) of this Court's Standing Order, Plaintiffs hereby respond to Defendant's statement of material facts to which there is no genuine dispute.

1.   DOJ's Civil Rights Division (CRT) received a FOIA request from the state of Georgia and its Secretary of State dated August 31, 2021. Declaration of Kilian Kagle (Kagle Decl.) ¶ 6.

**Response:**  Undisputed.

2.   DOJ's Office of Information Policy (OIP) received the same FOIA request from the state of Georgia and its Secretary of State dated August 31, 2021. Declaration of Vanessa Brinkmann (Brinkmann Decl.) ¶ 5 & Ex. A.

**Response:**  Undisputed.

3.   The request sought three categories of records:

i.    Communications between DOJ personnel and 62 listed non-governmental entities about a Georgia election law, and

ii.   Communications between DOJ personnel and Congress about the Georgia election law, and

iii.  Internal guidance documents used by DOJ to determine if state election laws violate the Voting Rights Act. Kagle Decl. ¶ 6 & Ex. A.; Brinkmann Decl. ¶ 5 & Ex. A.

**Response:**  Undisputed.

4.   CRT acknowledged the request by letter dated September 30, 2021. Kagle Decl. ¶ 7 & Ex. B.

**Response:**  Undisputed.

5. OIP acknowledged receipt of Plaintiffs' request by letter dated September 29, 2021. Brinkmann Decl. ¶ 7 & Ex. B.

**Response:** Undisputed.

6. CRT conducted a search for records potentially responsive to Plaintiffs' request. Kagle Decl. ¶¶ 10-21.

**Response:** Undisputed.

7. CRT's searches were reasonably calculated to locate all records responsive to Plaintiffs' request. Kagle Decl. ¶¶ 10-21.

**Response:** Undisputed.

8. OIP conducted a search for records potentially responsive to Plaintiffs' request. Brinkmann Decl. ¶¶ 9-25.

**Response:** Undisputed.

9. OIP's searches were reasonably calculated to locate all records responsive to Plaintiffs' request. Brinkmann Decl. ¶¶ 9-25.

**Response:** Undisputed.

10. CRT processed all of the potentially responsive records that they located and produced all responsive, non-exempt material to Plaintiffs. Kagle Decl. ¶¶ 22-29.

**Response:** Plaintiffs do not dispute that Defendant processed records it identified through searches for responsive records, or that it produced those records. However, Defendant's statement that it produced all "non-exempt material to Plaintiffs" is a legal conclusion, not a statement of fact. That legal conclusion, moreover, is contested in the Parties' cross-motions for summary judgment.

11. CRT withheld information from its productions pursuant to FOIA Exemptions 5, 6, and 7(C). Kagle Decl. ¶ 30 & Ex. E (*Vaughn* index).

**Response:** Undisputed.

12. CRT has identified and adequately justified the basis for each withholding pursuant to Exemption 5 through its *Vaughn* Index and the Declarations of Kilian Kagle and John A. Russ,

IV. Kagle Decl. ¶¶ 30-35 & Ex. E (*Vaughn* index); Declaration of John Russ, IV (Russ Decl.) ¶¶ 23-41.

**Response:**  Plaintiffs do not dispute that Defendant submitted a *Vaughn* Index addressing these withholdings.  The remainder of this statement, however, is a legal conclusion, rather than a statement of fact.  Further, that legal conclusion is contested in the Parties' cross-motions for summary judgment.

13. CRT disclosed all reasonably segregable material. Kagle Decl. ¶ 36; Russ Decl. ¶ 42.

**Response:**  This statement is a legal conclusion, rather than a statement of fact.  This legal conclusion is contested, however, in the Parties' cross-motions for summary judgment, as Plaintiffs contend that Defendant withheld non-exempt information.

14. OIP processed all of the potentially responsive records that they located and produced all responsive, non-exempt material to Georgia, only withholding information based on FOIA Exemption 6. Brinkmann Decl. ¶ 23.

**Response:**  Undisputed.

Additionally, pursuant to Local Civil Rule 7(h), and ¶ 14(B) of this Court's Standing Order, Plaintiffs provide the following statements of material fact about which there is no genuine dispute.

15. By the time Defendant filed its lawsuit against Georgia, all other organizations that Defendant claims are in the Common Interest Group had filed complaints against Georgia regarding SB 202. *See* Field Decl., Exs. 1–8.

16. The various lawsuits challenging SB 202 challenged differing provisions of SB 202. *See id.* Ex. 1 ¶¶ 82–117; *id.* Ex. 2 ¶¶ 110–72; *id.* Ex. 3 ¶¶ 249–74; *id.* Ex. 4 ¶¶ 67–108; *id.* Ex. 5 ¶¶ 133–69; *id.* Ex. 6 ¶ 2; *id.* Ex. 7 ¶¶ 62–103; *id.* Ex. 8 ¶¶ 88–120.

17. In its lawsuit challenging portions of SB 202, the Department included only a claim under Section 2 of the Voting Rights Act, alleging only that SB 202 was enacted for a discriminatory purpose. *Id.* Ex. 6 ¶¶ 159–65.

18. The other lawsuits challenging SB 202 included claims under the U.S. Constitution, the Americans with Disabilities Act, the Rehabilitation Act, and the Civil Rights Act of 1964. *Id.* Ex. 1 ¶¶ 118–37; *id.* Ex. 2 ¶¶ 173–207; *id.* Ex. 3 ¶¶ 329–76; *id.* Ex. 4 ¶¶ 155–97; *id.* Ex. 5 ¶¶ 170–238; *id.* Ex. 6 ¶¶ 159–65; *id.* Ex. 7 ¶¶ 104–61; *id.* Ex. 8 ¶¶ 366–484.

19. And, for the cases including claims under the Voting Rights Act, the other lawsuits challenging SB 202 included claims of discriminatory purpose and discriminatory effect. *Id.* Ex. 1 ¶¶ 118–22; *id.* Ex. 2 ¶¶ 173–78; *id.* Ex. 3 ¶¶ 329–33; *id.* Ex. 4 ¶¶ 167–76; *id.* Ex. 5 ¶¶ 170–201.

September 29, 2022

Respectfully submitted,

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr
D.C. Bar # 416368
Erik S. Jaffe
D.C. Bar # 440112
H. Christopher Bartolomucci
D.C. Bar # 453423
Brian J. Field
D.C. Bar # 985577
Schaerr | Jaffe LLP
1717 K Street, N.W.
Suite 900
Washington, D.C. 20006
202-787-1060
gschaerr@schaerr-jaffe.com

Bryan P. Tyson*
Georgia Bar # 515411
Bryan F. Jacoutot*
Georgia Bar # 668272
Taylor English Duma LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Telephone: (678) 336-7249
btyson@taylorenglish.com

* *Pro hac vice* motions forthcoming